**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-2207**

TAMARA HERBIN,

          Plaintiff - Appellant,

    v.

GEORGETOWN UNIVERSITY; MEGHAN MAVREDES, Supervisor; SONYA
SIMS, HR Director,

          Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cv-00694-MSN-IDD)

Submitted:  February 16, 2023                Decided:  February 21, 2023

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit
Judge.

Dismissed by unpublished per curiam opinion.

Tamara Herbin, Appellant Pro Se. Nicole Edmond Chammas, Henry Adam Platt, SAUL
EWING LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tamara Herbin seeks to appeal the district court's order dismissing with prejudice her pro se civil complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 3, 2022. Herbin filed the notice of appeal on November 21, 2022. Because Herbin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] We are constrained to dismiss Herbin's appeal despite the district court's incorrect statement in its dismissal order that Herbin had 60 days to appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that "unique circumstances" doctrine may not excuse untimely filing of appeal in civil case). Herbin may be able to seek relief from the district court under Fed. R. Civ. P. 60(b) based on the court's incorrect statement.

2